1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| CHARLES E. BECKNER,<br>Booking #7702015,<br><br>                                      Plaintiff,<br><br><br>                vs.<br><br><br>SAN DIEGO COUNTY SHERIFF; SAN<br>DIEGO COUNTY,<br><br>                                    Defendants. | Civil No.    07-0810 WQH (JMA)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND**<br><br>**(2) DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1)** |

21
22
23
24

        Plaintiff, currently detained at the San Diego Central Jail, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  In his Complaint, Plaintiff alleges that he has been denied access to the courts and jail officials have improperly opened legal mail outside of his presence.

25
26
27

        Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

28

////

**I.      Motion to Proceed IFP [Doc. No. 2]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement indicates that he has insufficient funds from which to pay the partial initial filing fee.  Based upon this financial information, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).  The remaining $350 balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) as set forth at the end of this Order.

*////*

## II.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

In his Complaint, Plaintiff alleges that jail officials denied him adequate access to the courts.  (Compl. at 3.)  Here, the Court finds that Plaintiff's factual allegations fall short of the pleading standards necessary to state an access to courts claim.  *See* 28 U.S.C. § 1915(e)(2). Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that:  (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result.  *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).  An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, however, Plaintiff has not alleged any facts sufficient to show that he has been precluded from pursuing a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement.  *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and . . . to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.").  Moreover, Plaintiff has not alleged facts sufficient to show that he has been actually injured by any specific Defendant's actions.  *Lewis*, 518 U.S. at 351.

1  In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that

2  he was "so stymied" by Defendants' actions or grievance processing that "he was unable to even

3  file a complaint," direct appeal or petition for writ of habeas corpus.  *Lewis*, 518 U.S. at 351;

4  *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] . . . the predicate

5  claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the

6  'arguable' nature of the underlying claim is more than hope.").  Therefore, these claims must be

7  dismissed for failing to state a claim upon which section 1983 relief can be granted.

8  Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim

9  upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C.

10  §§ 1915(e)(2)(b) & 1915A(b).  Because it is not altogether certain that Plaintiff would be unable

11  to allege any additional facts related to the conditions under which he was injured, however, the

12  Court will provide Plaintiff with an opportunity to amend his pleading in light of the standards

13  set forth above.  *See Lopez*, 203 F.3d at 1130-31.

14  **III.  Conclusion**

15  Good cause appearing, **IT IS HEREBY ORDERED** that:

16  1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]

17  is **GRANTED**.

18  2.    The Watch Commander at the San Diego Central Jail, or his designee, is ordered

19  to collect from Plaintiff's prison trust account the $350.00 balance of the filing fee owed in this

20  case by collecting monthly payments from the trust account in an amount equal to twenty percent

21  (20%) of the preceding month's income credited to the account and forward payments to the

22  Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28

23  U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE

24  NAME AND NUMBER ASSIGNED TO THIS ACTION.

25  3.    The Clerk of the Court is directed to serve a copy of this order on Watch

26  Commander, San Diego Central Jail, P.O. Box 122952, San Diego, California 92112.

27  ////

28  ////

1    **IT IS FURTHER ORDERED** that:

2    4.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.

3    §§ 1915(e)(2)(b)(ii) and (iii) and 1915A(b)(1) and (2).  However, Plaintiff is **GRANTED** forty

4    five (45) days leave from the date this Order is "Filed" in which to file a First Amended

5    Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended

6    Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D.

7    Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended

8    Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

9    1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may

10   be granted, it may be dismissed without further leave to amend and may hereafter be counted

11   as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir.

12   1996).

13   5.    The Clerk of the Court is directed to mail a Court approved form § 1983 complaint

14   to Plaintiff.

15   **IT IS SO ORDERED.**

16   DATED:  June 12, 2007

17   *William Q. Hayes*

18   **WILLIAM Q. HAYES**
     United States District Judge

19

20

21

22

23

24

25

26

27

28