# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CHARLES E. BECKNER,
Booking #7702015,

Plaintiff,

vs.

SAN DIEGO COUNTY SHERIFF; SAN DIEGO COUNTY,

Defendants.

Civil No. 07-0810 WQH (JMA)

**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1)**

## I. Procedural History

On May 3, 2007, Plaintiff, currently detained at the San Diego Central Jail, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In his original Complaint, Plaintiff alleged that he has been denied access to the courts and jail officials were opening his legal mail outside of his presence. This Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") on June 12, 2007 but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. *See* June 12, 2007 Order at 5-6. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* at 6. On July 5, 2007, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 4]. However, Plaintiff's First Amended Complaint failed to correct the

deficiencies of pleading previously identified by the Court. Nonetheless, the Court permitted Plaintiff one final opportunity to correct the deficiencies. *See* August 16, 2007 Order at 6. On September 20, 2007, Plaintiff filed his Second Amended Complaint ("SAC").

**II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

As the Court informed Plaintiff in its June 12 and August 16, 2007 Orders, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's

duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

In his Second Amended Complaint, Plaintiff alleges that he was prevented from filing a motion to dismiss in his State criminal action and Defendant Lee refused to mail "some civil paperwork to the Federal Courts." (SAC at 4.) Plaintiff argues the prison's policy requiring inmates to "submit confidential legal papers to prison officials for photocopying can serve as a basis for a ccliam for the denial of meaningful access to the courts." (*Id.* at 5.) Plaintiff cites to the case of *Casey v. Lewis*, 43 F.3d 1261, 1269 (9th Cir. 1994). However, this is a Court of Appeals decision that was reversed by the United States Supreme Court in *Lewis v. Casey*, 518 U.S. 343 (1996). Moreover, the Court has informed Plaintiff on two occasions that under *Lewis*, in order to state a claim for the denial of access to the courts, he must be able be demonstrate an "actual injury." *See* Aug. 16, 2007 Order at 3 (citing *Lewis*, 518 U.S. at 255)(right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and . . . to challenge the conditions of [his] confinement."). An actual injury is a non frivlous attack on a criminal conviction or conditions of his current confinement. *Id.* Here, Plaintiff is a pretrial detainee who has is not currently serving a sentence pursuant to a criminal conviction. Plaintiff's claims that the law library is inadequate or that there are not employees in the law library "actually trained in the law," *see* compl. at 5, fall far short of the allegations necessary to demonstrate that he has suffered an "actual injury." *Lewis*, 518, U.S. at 255; *see also Christopher v. Harbury*, 536 U.S. 403, 416 (2002) ("like any other element of an access claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.").

Accordingly, the Court finds that Plaintiff's Second Amended Complaint must be **DISMISSED** for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because it does not appear "at all possible that the plaintiff can correct the defect(s)" of his pleading, further leave to amend is **DENIED** as futile. *See Lopez*, 203 F.3d at 1130-31.

## III. Conclusion and Order

For all the reasons set forth above, **IT IS ORDERED** that:

Plaintiff's Second Amended Complaint [Doc. No. 6] is **DISMISSED** for failing to state a claim and without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is further notified that this dismissal may later be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g).[1]

The Clerk shall close the file.

DATED: October 16, 2007

**WILLIAM Q. HAYES**
United States District Judge

[1] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal ... under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("Pursuant to § 1915(g), a prisoner with three strikes," *i.e.*, prior federal cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on grounds that they were frivolous, malicious, or failed to state a claim, "cannot proceed *IFP*.").